# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SHAWN NUNES,

        Defendant.

Case No. 2:09-cr-520-RLH-LRL

**O R D E R**
(Motion to Modify Sentence–#43)
(Motion to Dismiss Motion–#45)

        Defendant Nunes has filed a **Motion to Modify Sentence** (#43, filed September 23, 2011), followed by the Government's **Motion to Dismiss Defendant's Motion to Modify Sentence** (#45, filed October 7, 2011), which was followed by Defendant's Opposition to Government's Motion (#46), the Government's Reply in Support of its Motion to Dismiss (#47), and Defendant's Reply in Support of Opposition to Government's Motion to Dismiss (#48).

        Nunes objects to the manner in which the Bureau of Prisons has computed his sentence. He provides no statutory basis for his motion, only asking that this Court modify his sentence. The Government correctly characterizes the motion as a petition pursuant to 28 U.S.C. §2241. Defendant's claim that he just wants the Court to modify his sentence is disingenuous. What he is, in reality, asking is that the Court modify the sentence to get around the Bureau of Prisons' computation of his sentence. Thus, the Government's characterization is accurate. *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) ("to the extent [defendant] challenges the fact or duration of his confinement, the district court should have construed [defendant's] complaint as a petition for habeas corpus under 28 U.S.C. §2241.")

The Court denies Defendant's Motion to Modify and grants the Government's Motion to Dismiss for two reasons. First Nunes may not file a 28 U.S.C. §2241 petition until he exhausts his administrative remedies. *Tucker*, 925 F.2d at 332 ("Generally, a federal prisoner is required to exhaust his federal administrative remedies before filing a habeas petition.") *See also, Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam). The Declaration of Matthew J. Carney, Supervisory Attorney Advisor for the Federal Bureau of Prisons (BOP), assigned at the Federal Correctional Institution (FC8) Phoenix, Arizona, who has jurisdiction at the Safford facility where Nunes in incarcerated, establishes that he has not done so.

Second, even if Nunes had exhausted his administrative remedies, he cannot bring such a motion *in this court*. A 28 U.S.C. §2241 petition must be brought in the district where the defendant is confined, *i.e.*, the District of Arizona. *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

Since Nunes has not exhausted his administrative remedies nor brought this Motion in the proper district, his Motion must be denied and dismissed.

IT IS THEREFORE ORDERED that Defendant Nunes' **Motion to Modify Sentence** (#43) is denied and dismissed.

IT IS FURTHER ORDERED that the Government's **Motion to Dismiss Defendant's Motion to Modify Sentence** (#45) is granted and Nunes' Motion to Modify is Dismissed.

Dated: December 1, 2011.

_____
**Roger L. Hunt
United States District Judge**